IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOZZI RAINEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:24-cv-156 (MTT) |
| ) | |
| Deputy Sheriff FREDERICK ) | |
| GRAY, *et al.*, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Jozzi Rainey filed this action against Deputy Sheriff Frederick Gray and Sergeant John Ahlvin (collectively "Defendants").[1] Doc. 1. First, Rainey asserts excessive force claims under the Fourth Amendment and Georgia law against Gray pursuant to 42 U.S.C. § 1983, as well as state law claims of assault and battery. *Id.* ¶¶ 26-34, 50-53. Rainey also asserts claims against Ahlvin for failure to intervene and for supervisory liability under 42 U.S.C. § 1983. *Id.* ¶¶ 35-46. The defendants have filed a joint motion for summary judgment on all claims. Doc. 15. They argue that Rainey's claims are barred by both qualified and official immunity and that the undisputed facts defeat Rainey's claims. Doc. 15-1. Rainey did not respond. For the following reasons, the defendants' unopposed motion for summary judgment (Doc. 15) is **GRANTED**.

---

[1] On October 22, 2024, the Court granted an unopposed motion to dismiss Count IV of Rainey's complaint and dismissed Defendant Sheriff David Davis without prejudice. Docs. 8; 13.

## I. BACKGROUND[2]

On June 11, 2022, Rainey caused a traffic accident on Interstate 75 in Macon, Georgia, while driving under the influence of drugs and alcohol.  Doc. 15-1 at 12-13, ¶¶ 1-4.  After colliding with another vehicle, Rainey attempted to flee the scene of the accident.  *Id.* at 12-13, ¶¶ 1,5.  When law enforcement arrived, which included the defendants, Rainey was uncooperative, resisted arrest, and attempted to physically evade officers.  Docs. 1 ¶ 15; 10 ¶ 15, 11 ¶ 15; 15-1 at 13-14, ¶¶ 6-9.  Gray ultimately used physical force to arrest Rainey and "placed [her] on the ground."  Doc. 15-1 at 14, ¶¶ 10-11.  On May 22, 2024, Rainey filed this case alleging that Gray violated her Fourth Amendment rights by using excessive force and committed assault and battery under Georgia law.  Doc. 1 ¶¶ 26-34, 50-53.  She also asserts that Ahlvin failed to intervene to prevent Gray's use of excessive force and that Ahlvin is liable under a theory of supervisory liability.  *Id.*  ¶¶ 35-46.  However, Rainey has since admitted that the force used by Gray was reasonable and that Ahlvin was not in the immediate vicinity when Gray "placed [her] on the ground."[3]  Doc. 15 at 14, ¶¶ 10-11.  The defendants now move for summary judgment on all claims.  Doc. 15.

---

[2] Defendants served Rainey with Request for Admissions on December 30, 2024, which they filed as an exhibit to their motion for summary judgment.  Doc. 15-1 at 12-14.  Rainey has admitted the truth of those requests under Federal Rule of Civil Procedure 36(a) because she failed to respond.  *See Garmley v. Cochran*, 651 F. App'x 933, 936 (11th Cir. 2016) (quoting *Perez v. Miami–Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002) ("If a party fails to respond within thirty days [to a Rule 36(a) request], then the matter is admitted.")).

[3] Rainey was asked to admit that Ahlvin was not in the immediate vicinity when Gray "placed [her] on the ground."  Doc. 15 at 14, ¶ 11.  The defendants argue that Rainey's failure to respond to this request amounts to an admission that Ahlvin was not in a position to respond during Gray's alleged use of excessive force.  Doc. 15-1 at 9-10.  However, the Court notes that Rainey's *allegations* of excessive force, according to her complaint, are not limited to being placed on the ground by Gray.  Still, as discussed below, there is no evidence that Gray used excessive force and thus Rainey's failure-to-intervene claim fails.

## II. STANDARD

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A factual dispute is not genuine unless, based on the evidence presented, "a reasonable jury could return a verdict for the nonmoving party." *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The movant may support its assertion that a fact is undisputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).  "When the *nonmoving* party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other similar material *negating* the opponent's claim[]' in order to discharge this 'initial responsibility.'" *Four Parcels of Real Prop.*, 941 F.2d at 1437-38 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  Rather, "the moving party simply may 'show[]—that is, point[] out to the district court—that there is an absence of evidence to support the nonmoving party's case.'" *Id*. at 1438 (quoting *Celotex*, 477 U.S. at 324) (alterations in original).  Alternatively, the movant may provide "affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial." *Id*.

The burden then shifts to the nonmoving party, who must rebut the movant's showing "by producing … relevant and admissible evidence beyond the pleadings."

*Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Celotex*, 477 U.S. at 324).  The nonmoving party does not satisfy its burden "if the rebuttal evidence 'is merely colorable or is not significantly probative' of a disputed fact."  *Id*. (quoting *Anderson*, 477 U.S. at 249-50).  Further, where a party fails to address another party's assertion of fact as required by Fed. R. Civ. P. 56(c), "the court may … consider the fact undisputed for purposes of the motion[.]"  Fed. R. Civ. P. 56(e)(2).  However, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge … [t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Anderson*, 477 U.S. at 255.

### III. DISCUSSION

**A. Qualified Immunity and 42 U.S.C. § 1983 Claims**

"Qualified immunity offers complete protection for individual public officials performing discretionary functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Sherrod v. Johnson*, 667 F.3d 1359, 1363 (11th Cir. 2012) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  "Once discretionary authority is established, the burden then shifts to the plaintiff to show that qualified immunity should not apply."  *Edwards v. Shanley*, 666 F.3d 1289, 1294 (11th Cir. 2012) (quoting *Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1291 (11th Cir. 2009)).

Here, Rainey has not argued that the defendants were not acting within the scope of their discretionary authority, and it is clear that they were.[4] Accordingly, the defendants are entitled to raise the shield of qualified immunity.

To overcome a qualified immunity defense, a plaintiff must show that (1) the facts, viewed in her favor, establish a constitutional violation as to each defendant; and (2) the unconstitutionality of the defendants' conduct was clearly established at the time of the alleged violation.[5]  *Lewis*, 561 F.3d at 1291.  This two-step analysis may be done in whatever order is deemed most appropriate for the case, yet "it is 'often beneficial' to analyze them sequentially."  *King v. Pridmore*, 961 F.3d 1135, 1142 (11th Cir. 2020) (quoting *Plumhoff v. Rickard*, 572 U.S. 765, 774 (2014)); *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

Under the Fourth Amendment, individuals are protected from unreasonable searches and seizures, including the use of excessive force during an arrest.  U.S. CONST. amend. IV; *see Stephens v. DeGiovanni,* 852 F.3d 1298, 1321 (11th Cir. 2017). To establish a claim for excessive force, a plaintiff must show that (1) a seizure occurred and (2) the force used was unreasonable under the circumstances.  *Stephens*, 852 F.3d at 1321.  Courts assess reasonableness by considering factors such as the severity of the alleged crime in question, whether the individual posed a threat, whether the individual resisted or attempted to flee, and the amount of force applied.  *Id.* at

---

[4] It is exceedingly rare for an official to be acting outside the scope of their discretionary authority for the purpose of qualified immunity.  *Est. of Cummings v. Davenport*, 906 F.3d 934, 940 (11th Cir. 2018).

[5] A plaintiff can show that the illegality of the defendant's conduct was clearly established in one of three ways: (1) by pointing to a similar case with indistinguishable facts decided by the Supreme Court, Eleventh Circuit, or relevant state supreme court at the time; (2) by identifying a broader, clearly established legal principle that applies to the facts of the case; or (3) by showing the conduct was so plainly unconstitutional that prior case law is unnecessary.  *Stalley v. Cumbie*, 124 F.4th 1273, 1284 (11th Cir. 2024) (collecting cases).

1321-22; see *Charles v. Johnson*, 18 F.4th 686, 699-700 (11th Cir. 2021). An officer may also be liable if they were present at the scene, in a position to intervene, and failed to take reasonable steps to prevent another officer's use of excessive force. *Hadley v. Gutierrez,* 526 F.3d 1324, 1330-31 (11th Cir. 2008).

Rainey alleges that Gray used excessive force in violation of her Fourth Amendment rights. Doc. 1 ¶¶ 26-34. Rainey also alleges that Ahlvin failed to intervene to prevent Gray's alleged use of excessive force.[6] *Id.* ¶¶ 35-38. To prevail, Rainey must show not only that excessive force occurred but also that Ahlvin was in a position to intervene but failed to do so—which she cannot do. Specifically, Rainey has admitted that the force used by Gray to arrest her was reasonable. Doc. 15-1 at 14, ¶¶ 10-11. Without evidence of unreasonable force, Rainey cannot establish a constitutional violation, and the defendants are entitled to qualified immunity. Moreover, Rainey has failed to cite any clearly established law to show that qualified immunity should not apply. Accordingly, the defendants' unopposed motion for summary judgment on Rainey's claims under 42 U.S. C. § 1983 is **GRANTED**.

**B. Official Immunity and State Law Claims**

Next, Rainey alleges that Gray's conduct during her arrest constituted assault and battery under Georgia law. Doc. 1 ¶¶ 50-53. However, Gray's decision to use force to arrest Rainey is a discretionary act under Georgia law, so official immunity applies unless Rainey provides evidence of actual malice or intent to harm—which she

---

[6] Rainey further claims Ahlvin is liable under a theory of supervisory liability. Doc. 1 ¶¶ 39-46. Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates unless the supervisor personally participates in the alleged constitutional violation or there is a causal connection between his actions and the alleged constitutional deprivation. *Christmas v. Harris Cnty., Ga*., 51 F.4th 1348, 1355 (11th Cir. 2022). Neither scenario is present in this case.

fails to do.[7] *Mercado v. Swoope*, 340 Ga. App. 647, 650, 798 S.E.2d 291, 294 (2017). Without evidence of malice or intent to harm, Gray is entitled to official immunity, and his motion for summary judgment on Rainey's assault and battery claims is **GRANTED**.

In sum, the defendants are entitled to summary judgment on all claims under the doctrines of qualified immunity and official immunity because the undisputed facts demonstrate that the force used during Rainey's arrest was reasonable and Rainey fails to present evidence of actual malice or intent to harm.

### IV. CONCLUSION

For the foregoing reasons, the defendants' unopposed motion for summary judgment (Doc. 15) is **GRANTED**.

**SO ORDERED**, this 14th day of August, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[7] *See Tittle v. Corso*, 256 Ga. App. 859, 863, 569 S.E.2d 873, 877 (2002); *see also Bufford v. Fulton Cnty. Sheriff's Off.*, 2025 WL 923480, at *10 (N.D. Ga. Mar. 26, 2025) ("Georgia courts have frequently held that an officer's use of force is a discretionary act.").